The next case is Timothy Hoffman v. Signature Bank of Georgia. David Ballard is here for the appellant Hoffman. Michael Ernst is here for Signature Bank and Mr. Ballard, you may proceed. Thank you, your honor. May it please the court, my name is David Ballard and I have the great privilege of representing the appellant Timothy Hoffman. Your honor, since the 1997 case of Henry Meehan, this court has held that a traditional individual retirement account of a Georgia debtor in bankruptcy is excluded by operation of law from a debtor's bankruptcy estate under section 541c2 of the U.S. Bankruptcy Court. Today's case presents the court with the opportunity to extend the reasoning of the Meehan case to its logical conclusion and find that Roth individual retirement accounts of Georgia bankruptcy debtors are excluded from the bankruptcy estate due to recent changes in Georgia law, specifically Georgia's garnishment law. Your honors, the retired Air Force colonel who assisted his son in setting up a business in Newnan, Georgia, that business unfortunately failed. He had guaranteed a loan with the appellee and was forced eventually to file on March 19, 2018, a chapter 7 bankruptcy petition. There was litigation below in the bankruptcy court as to whether the debtor could either exclude these assets or exempt them. In particular, there were four retirement accounts. There was a traditional IRA. There were two Roth IRAs that are at issue today. There's also a 401k. The lower courts, the bankruptcy court specifically, ruled in our favor as to the 401k and the traditional IRA, but did not allow Mr. Hoffman to exempt his Roth IRA under Georgia exemption law and found it was not excluded under this court's previous holding in Meehan. Your honor, today was important for our consideration. Your honor, there was no documentation as to the IRAs introduced at the bankruptcy court. However, there was testimony asked to them and beyond that he swore to them in his schedules and petition. He introduced them to them under that in that manner. Your honor, I'd also just note that in looking at other case law cited in the briefs, including the handling case and other cases dealing with objections to exemptions, the debt, the only understanding of the evidence that was presented as to the IRA documents, or not IRA documents, but annuity documents, was in that instance the testimony of the debtor in the schedule. Your honor, I'd also note in that question that under rule 4003 of the U.S. bankruptcy court code, as the lower court properly concluded, that the burden of proof is on the objecting party to disallow the exemption. And so I believe, and as you review the lower court decisions, there was no discussion at all as to whether these are actually Roth IRAs. That was pretty much just assumed because it was never put into issue by the appellate. Counselor, may I ask you a question? I just want to confirm. So the ones that were not exempt was the Roth IRA, the one that was for $63,000. There's another one for $213,000. And then is the wife's IRA, does that one also involve $55,000 or no? Your honor, we're not contesting the distribution of the $55,000. And as far as the issues, those Roth IRAs, there's a contributory and a rollover Roth IRA. Those are the only two accounts that are. Okay, thank you. Yes, ma'am. And this is not a case of exemption. Just to kind of lay the point here. This is a case of exclusion. Obviously, when a debtor files bankruptcy, virtually everything they have, every asset, all their equitable interests become part of the bankruptcy estate. In Georgia, we're limited to OCGA 44-13-100, which is our bankruptcy exemption statute with a handful of smattering of exceptions. We're not contesting any of that. The court made a factual decision that we were wrong to try to exempt the Roth IRA in the count of age because Mr. Hoffman has sufficient other assets and income. And so we're not contesting that. Our argument, your honors, is extensively that because the Georgia garnishment statute has been amended, that the logic of Meehan excludes it from the estate to begin with. What 541c2 of the U.S. Bankruptcy Code provides is that if an entity is a trust and it's subject to a restriction on transfer under non-applicable bankruptcy law or applicable non-bankruptcy law, I should say, that it is excluded from the bankruptcy estate. This court in Henry Meehan in 1997 came to the conclusion that a traditional IRA is excluded under 541c2 because Georgia's garnishment statute specifically protected from a restriction on transfer. There's only been really one other case of note that I could see related to Roth IRAs that came after that decision in Georgia, and that was Judge Bonnefield's case in the Bramlett case. And on its surface, Bramlett is a case that is against us because it says you can exempt the Roth IRA but you can exclude it under Georgia law. And the key logic in that case pertained to the fact that at that particular time, Georgia had a garnishment statute that identified accounts under 408 of the U.S. Internal Revenue Code, but it did not mention 408a, which is the Roth IRA account. And so Bramlett said essentially that because that 408a is not mentioned, it's not protected from restriction by transfer by Georgia law, and therefore the Meehan logic doesn't apply. One year after that decision, the Georgia General Assembly amended the garnishment statute to also being protected from garnishment, and it's the appellant's contention that that change in the law brought four Roth IRAs within the purview of Meehan, just like traditional IRAs already had been since 1997. The lower courts in rejecting this position took the argument essentially that there were substantial changes to Georgia's garnishment statute after even 2006, namely in 2016. That is true, but all of these changes were primarily to make the law more favorable to debtors. There was a concern about the constitutionality of the garnishment statute. There was a concern that the statute provided insufficient notice to debtors. And so the new statute, which was found at Georgia 1846, continues to protect the funds of an individual retirement account, a pension, a retirement program, and continues to exempt all of those from garnishment. And it deleted the reference to 408 and 408A. It deleted those references entirely and now just has individual retirement accounts. Moreover, it allows the attorney general to attach a list or to publish a list of exemptions, and those exemptions are maintained on a separate PDF, which indicates that 408A Roth IRAs are exempt from garnishment. I believe, Your Honor, Counsel, how do you get around the Georgia decision in Smith v. Robertson, which stands for the proposition that a list of exemptions does not create exemptions? Your Honor, I would have two responses to that. First of all, we're not arguing the exemption exists primarily just on the list, but rather the clear statutory language of the statute itself, which pertains to benefits of individual retirement accounts without reference to 408 or 408A. Moreover, Judge, in that particular case, the Smith v. Robinson case, that was the only exemption. The child support was the only one listed in the list that didn't have a statutory basis to it. The debtor in that case was saying, I should be able to exempt whatever I would have to pay to somebody else's child support from being garnished, and the Court of Appeals rejected that because it was just such a significant, the Georgia Court of Appeals, that is, rejected it because it was such a significant departure from what the case law that was cited in the Attorney General opinion even was referencing. The bottom line, Your Honor, is that if someone in Georgia tried to garnish the corpus of a Roth IRA account, they would be stopped from doing so under the statute. The fact that they would be stopped from doing so is a purview of this Court's previous decision in Nehan. Well, we have to interpret Georgia law. What's your position on whether or not we ought to certify this issue to the Georgia Supreme Court? Well, Your Honor, I looked at what the Court previously did in Nehan, and I'm not aware of that there being a certified question of Georgia law in that instance. Instead, the Court simply looked at the Georgia garnishment statute and concluded that that was a restriction on transfer and that, therefore, it was brought within the protections of 541C2. All right. I think we have your argument, Mr. Ballard. Let's hear from Mr. Ernst on behalf of Signature Bank. Judge Wilson, Judge Lagoa, Judge Carnes, thank you. May it please the Court, my name is Michael Ernst, and together with the law firm of Stokes Carmichael and Ernst, we have the privilege of representing Signature Bank in this case. We're here today to support the correct rulings of the court below. The U.S. Supreme Court has unequivocally stated in Clark v. Ramacher that the express purpose of the Bankruptcy Code's exclusions is to give debtors a, quote, fresh start, quoting Rousey v. Jockaway, but not, unquote, free pass. Can I take you from the general to the specific? Could I walk you through, well, first of all, two questions. Number one, the statute, the garnishment statute, we all agree that if they're restricted, the garnishment's restricted, then they are they're protected from the estate in bankruptcy, correct? So the question is whether Roth IRAs, the garnishment of them is restricted under the exempt from garnishment under Georgia law, that would meet the third prong of the three-part 541c2 test. There is still no evidence in the record to meet the first and second prongs of that test, and we would refute that it is even proven that there's anything in the record that shows that garnishment, that Roth IRAs are exempt from garnishment under Georgia law for three reasons. Well, that doesn't have to be in the record if it's clear as a matter of law, right? It has to be right. Now, come on, counsel. If the law of Georgia, if the Georgia Supreme Court had said day before yesterday, Roth IRAs are exempt from garnishment under Georgia law, you would lose, would you not? Absolutely, your honor, but there is... Let me take you through the law as I understand it. In 1983, the statute made exempt from garnishment retirement program, did it not? Yes, your honor. All right, that was amended in 1990 to say individual retirement account as defined in section 408, correct? Correct, your honor. That's a traditional IRA because there were no Roth IRAs at the time. Yes, your honor. All right. Then in 1997, Roth IRAs were authorized under an amendment to the Internal Revenue Code, correct? Yes, your honor. In 408A, I'm sorry, 408, yeah, 408A. So in 2006, there was an amendment to the Georgia garnishment statute which exempted individual retirement account as defined in section 408, R408A. It added the R408A to include Roth IRAs as exempt, right? Absolutely, your honor. All right. So in 2016, that statute wholesale amendment because, among other things, the Georgia Northern District decision that there were not procedural due process protections except. And they changed the language in 2016 to individual retirement account. They dropped from it as defined in 408 and 408A, did they not? Correct, your honor. All right. So that made all individual retirement accounts, not just those defined in 408 and not just those defined in 408A, but both of them exempt, did it not? Your honor, I believe that is certainly an argument. I believe that's a case by case. No, no, no, no. It's not an argument. They had it restricted in 1990 to 408s because that was the traditional ones and that was the only ones that existed. And then in 2006, after Roth had been authorized by the RRC, they included 408A to cover Roth. And then in 2016, when they were revamping and revising the statute to make it clearer and more constitutional on due process grounds, they simplified that to individual retirement account, not restricting it to 408 traditional or 408A Roth, did they not? Correct, your honor. All right. So I don't see in the face of that how you can possibly argue that the statute doesn't cover Roth IRAs to the same extent it covers traditional IRAs. They did in 2006 by specifying the subchapters A and B. And then in 2016, they just said generally individual retirement accounts and took out the specification. How do you get from that that traditional ones are covered but Roths are not? First, your honor, Roth is a common name sometimes used. The statute refers to 408A. It did. And now it just says internal individual retirement accounts. Yeah, just like it just like it said 408. And now it just refers to individual retirement. So would you agree that the statute is now that is now formulated treats traditional 408As the same, I'm sorry, 408s the same way it treats 408As Roth? Yes, your honor. But then if one's exempt and we know under Meehan it is, the other one's exempt too. May I answer, your honor? Yes, I meant to have a question mark at the end of that. As I stated, your honor, and your honor didn't let me answer a moment ago. If exemption from garnishment is proven, that only satisfies the third prong of the 541C2 test. It is not a they win. In this case, Meehan only applies to traditional IRAs. Meehan did a deep dive into the documents that were before the court. And there was a specific party stipulation that these are traditional IRAs coming under the purview of IRC 408. In this case, the traditional IRA or in this case, the Roth IRA account documents were not in the record. In this case, there is no party stipulation that Hoffman's Roth IRAs were subject to 408A. In order to be a Roth IRA under IRC 408A, your honor, it must be created under the internal revenue code. It must be maintained under the internal revenue code. There's no evidence that the, quote unquote, Roth IRAs that he had were continued to be maintained as a Roth IRA. If you take the money out- Counselor, counselor. Yes, your honor. We're passing each other in the day, I guess, as opposed to in the night. What I am focusing my question on, and I would like to focus your answer, and I understand you've got other arguments, but I'm focusing on the question of whether Georgia's garnishment statute exempts these IRAs if they are, in fact, true Roth IRAs, okay? Now, the question is, does the Georgia statute exempt from garnishment Roth IRAs that qualify as Roth IRAs? Would you concede that it does? Your honor, I would concede that the statute appears to exempt them. Okay. Again, I have other arguments. And Meehan said, in the conclusion, because debtor's IRA is subject to a statutory restriction, the garnishment restriction we're talking about, it is excluded from the estate under 541c2. And what you're trying to do is distinguish, not the statute so much, but distinguish Meehan by saying, yeah, but those were genuine Roth IRAs, and this one, these are not, right? That's part of my argument, your honor. But again, you have gone to the third prong, and with all due respect, you have not discussed the first two prongs about- No, I try to take up prong by prong by prong. And I think the issue of most widespread significance, and I thought the most confused issue, the way it was presented, is the third prong. That's all I'm talking about. Thank you, your honor. It will prevent you from talking about the first two. And it would help me if you point to where in the record you raised this, prong one and prong two. Well, your honor, we won in the lower court on the exemption and exclusion. And the record is, the burden is not on one party or the other to create the record. The burden is on the appellant to show in the record the evidence supporting reversal. In this case, your honor, that evidence does not exist. It cannot be read against Signature Bank that we did not make the case for him that- Counsel, counsel, you're talking about the legal premise of that. I'm asking you as a factual matter, did you raise the issue of prong one and prong two in the district court? And where? And if you did raise it, what was the evidence put in or not put in by either side? Your honor, we did not raise the legal argument. And in this case, this court reviews that on a de novo basis. This court looks at the law again. And we did talk about how it didn't meet the same standards of Meehan. We do think that they are fundamentally different. Putting aside the Georgia garnishment issue for a second, your honor, which you have talked about, but under 541c2, I want to clear up something that nowhere in the bankruptcy code does it say Roth IRAs are excluded. The court has to do a deep factual dive, a deep evidentiary dive into 541c2 to meet those prongs. And that's the appeal that's before the court, that whether or not Meehan should be extended. There's not enough record put in to support overturning the lower courts below. The lower courts below, especially the bankruptcy court, is a court of equity. This court and the Supreme Court has made very clear that the power of the bankruptcy court is to do equity. This is, counsel, this is purely a legal determination, whether or not the Roth IRA qualifies for an exemption under Georgia garnishment statute. That's a legal determination. That's not an equitable question or a determination. I mean, I think you are missing the boat here and you're wasting your argument time. And I suggest that you focus on the merits of your case. Thank you, Judge Legola. Again, with all due respect, I believe the bankruptcy court's equitable jurisdiction is an issue. I do certainly understand and concede that potentially exemption from garnishment under Georgia law exists. Whether all the issues have been proven in the record is part of the entire case. And this court has to look at, again, when this court or at least the 11th Circuit panel involved in 1997 looked at Meehan, they massaged, for lack of a better phrase, the account documents to determine. And they did much more than just instantly look at whether or not it was exempt from garnishment. Was it a restriction? Could this be transferred and not just on the garnishment issue? And there was a stipulation, this is an IRA subject to Section 408. Nowhere in this record, Your Honor, nowhere, not in the schedules or anything else, is any reference to Mr. Hoffman's Roth IRAs as being constructed, maintained, created under Section 408A. All they are is the Roth IRA. All he calls them is the Roth accounts. There are very specific issues. If what you say is missing from the record, if it was in the record, can you give us a Roth IRA is different from traditional IRAs for the purpose of garnishment? Can you give us one logical reason why Georgia would want to treat those two entities differently? Well, Your Honor, I could give you several reasons. First off, Roth IRAs are very different from traditional IRAs. They are different. They are treated different for tax reasons. There are very few restrictions on the transfer of a traditional IRA. I'm sorry, there are very few restrictions on the transfer of a Roth IRA. There are numerous restrictions on the transfer of traditional IRA. They are entirely different creatures. They're treated different taxably. They're treated different restriction-wise. And I think 541C2 goes into more than just the restriction that exists under bankruptcy. It talks about the restriction of an IRA being transferred generally. Yes, there might be a garnishment exemption existing, but they're totally different animals. And this court, may I continue answering, Your Honor? This court has to look whether to expand the ruling in me hand to the Roth IRAs in this question on an incomplete record and on a situation, Your Honor, where the court did do equitable jurisdiction. In the non-opt-out states, there is a provision that has limited IRAs to originally a million, now a million two. This court did equity and looked at it and said, it is not fair to allow this debtor to walk away with all of the six-figure income, with lucrative private and military pensions, with over $1.7 million in individual retirement accounts, and stiff his creditors. And so the court came down on the issue under the equity jurisdiction that it has and said, I don't find that the Roth IRAs should be excluded. And that's all we're asking for, Your Honor. All right, we have your argument. Thank you, Mr. Ernst. Mr. Ballek, you reserve some time for rebuttal. Thank you, Your Honor. Well, with respect to the lower court's equitable determinations, all of the discussion of what assets Colonel Hoffman may have had, first of all, none of those were introduced as well. But beyond that, I would note those are questions of exemption. That is a question about whether he could exempt under the exemption statute of OCJ 4413-100, the Rousey case previously cited, the Clark case previously cited, those are questions pertaining to exemption. This is a case of exclusion, and it wouldn't matter if Colonel Hoffman had $10 million, $50 million, $100 million. It would still be excluded because it's protected from garnishment under the Georgia garnishment statute. As to what was presented in the record, Judge, which seems to be the focus of the appellee's argument, I would note that there was never documentation entered, and in part because Meehan itself stood for the proposition that the documents don't matter. It matters as to what this instrument is. But there was testimony presented at this hearing as to what the document or what assets he has. There were statements made under penalty of perjury and the threat of criminal prosecution in the bankruptcy case as to all his assets, not just these IRAs, but every asset he has. He fully disclosed everything he had as required by law, and the burden of proof at the hearing under Rule 4003 doesn't lie on us, but rather lies on the objecting party to prove that the exemptions are improper. And if they wished to have contested that, it would have been improper to do it at that time. Your Honors, I feel like you have an excellent handle on the case law and the facts. Do you have any other questions for me? I do. Did he clearly raise, in either the bankruptcy court or the district court or both, that the issue of whether these were qualified retirement accounts? The first time we ever heard this issue, Your Honor, was before this court at the 11th hour at the 11th circuit. We never heard this argument until now. If there's no other questions, I will conclude my argument. All right. We have your argument, Mr. Ballard and Mr. Ernst. Thank you. Thank you. Thank you.